IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH ALEXANDER,               )
                                )
        Plaintiff,              )
                                )
v.                              )        CASE NO. 2:26-CV-53-BL-KFP
                                )
DAWN HILL-KEARSE and            )
SERGIO JIMENEZ,                 )
                                )
        Defendants.             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Joseph Alexander filed this case on January 23, 2026. Doc. 1. After

reviewing Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court

ordered Plaintiff to file an amended complaint on or before February 18, 2026. Doc. 7. This

Order was returned to the Court as "undeliverable." Doc. 9. To date, Plaintiff has failed to

file an amended complaint, request an extension, or otherwise respond to the Court's Order.

Based on Plaintiff's failure to obey court orders and prosecute this case, the

undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*,

863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order

where litigant has been forewarned is generally not an abuse of discretion). The authority

of courts to impose sanctions for failure to prosecute or obey an order is longstanding and

acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash

R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their

own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–

31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

If a plaintiff fails to comply with a court order, "[a] district court may dismiss [the] action sua sponte under Fed. R. Civ. P. 41(b)." *Goodison v. Wash. Mut. Bank*, 232 F. App'x 922, 922–23 (11th Cir 2007) (per curiam) (*citing Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).[1]

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that on or before **March 16, 2026**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

---

[1] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

      DONE this 2nd day of March, 2026.

 

                    _____

                    KELLY FITZGERALD PATE
                    UNITED STATES MAGISTRATE JUDGE